KOBE IMPORT CO. *v.* UNITED STATES

No. 7996.—

Entry No. 721174, etc.

(Decided May 14, 1951)

*Jordan & Klingaman* (*Edward F. Jordan* and *Jacob L. Klingaman* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Guy Gilbert Ribaudo*, special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, involve the valuation of glass spectacle lenses exported from China. Each of the invoices herein shows an item of buying commission of 10 per centum, and entry was based on the invoice unit values plus certain charges which did not include the item of commission. The merchandise was appraised at the invoice units, plus 10 per centum, less 2 per centum, packed. Counsel have agreed that the basis of the appraised value is export value, as provided in section 402 (d), Tariff Act of 1930, and both parties claim export value to be the proper basis for valuation herein. The plaintiff challenges the item of 10 per centum commission which is a part of the appraised value, contending that it is a *bona fide* buying commission and as such is no part of the export value. Defendant claims that this item is not a *bona fide* buying commission and deduction thereof should not be allowed.

Louis Josephson, one of the partners of the Kobe Import Co. (later known as Perfection Import & Export Co., Inc.), testified: That he is one of the two partners in the Kobe Import Co. and was in Shanghai, China, throughout the entire period here involved; that he maintained desk space in the office of C. Y. Chen in Shanghai; that Mr. Chen was a manufacturer of silk lingerie and a buying and shipping agent conducting both businesses under the name of the Eastern Undies Co.; that he, the witness, purchased the merchandise from the sellers named in the invoices and that all such sellers were manufacturers in Shanghai, China; that in all his business transactions, Mr. Chen accompanied him and acted as interpreter; that the relationship between Kobe Import Co. and the manufacturer in each instance was merely that of buyer and seller; that he purchased the merchandise under open market conditions in wholesale quantities in the principal market of Shanghai; that Mr. Chen, as his buying and shipping agent, received the merchandise from the sellers, examined and checked the contents, packed it for export, and shipped it, for which services Chen was paid a commission of 5 per centum. The additional 5 per centum represented incidental expenses such as cables, etc., incurred by the witness in connection with the purchase of the merchandise; that payment of the total invoice prices, including the 10 per centum commission, was made to Mr. Chen, who remitted the amount of the purchase price to the sellers, retained his 5 per centum commission, and returned the remaining 5 per centum to the witness. An affidavit of C. Y. Chen (exhibit 2 in reappraisement 154102–A, etc., which is part of this record by way of incorporation) confirms the testimony of the witness Josephson as to purchase of the merchandise and the services performed for the purchaser by the affiant. Some of the checks by which payments were made were admitted in evidence (exhibit 1). They show that the total invoice

amounts were paid to the Eastern Undies Co. The Treasury representative's report (exhibit 4 in reappraisement 154102–A, etc., which is also a part of this record by way of incorporation) states that Mr. Chen helped Mr. Josephson in shipping matters, etc., and received a 5 per centum commission therefor.

It appears that Mr. Chen's commission of 5 per centum was paid for services rendered by him on behalf of the buyer, which charge forms no part of the export value of the merchandise. *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007; *United States* v. *Kresge Co.*, 26 C. C. P. A. (Customs) 349, C. A. D. 39.

The evidence relating to the disposition of the balance of the item invoiced as buying commission is not sufficiently convincing to warrant a holding that deduction thereof should be allowed.

Since the only item of the appraisement challenged by the plaintiff was the item of commission, the presumption of correctness attaching to the remaining items of the appraisement have not been disturbed. *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

On the basis of this record, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise in question, and that such values are represented by the invoice unit values, plus 5 per centum, less 2 per centum, packed.

Judgment will be rendered accordingly.