## KOBE IMPORT CO. *v.* UNITED STATES

No. 8102.— Entry No. 721174, etc.

### Second Division, Appellate Term

(Decided March 26, 1952)

*Jordan & Klingaman* (*Edward F. Jordan* and *Jacob L. Klingaman* of counsel) for the appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Chauncey E. Wilowski*, special attorney), for the appellee.

#### Before LAWRENCE and FORD, Judges

FORD, Judge: This application, seeking a review of the decision and judgment of the trial court, was filed under the provisions of title 28 U. S. C., section 2636 (a). The decision of the court below was reported in 26 Cust. Ct. 674, Reap. Dec. 7996. The merchandise here under consideration consists of glass spectacle lenses which were

entered at certain unit invoice prices, plus certain charges, and were appraised at invoice unit prices, plus 10 per centum, less 2 per centum, packed.

The trial court found export value to be the proper basis for the determination of the values of the involved merchandise, "* * * and that such values are represented by the invoice unit values, plus 5 per centum, less 2 per centum, packed." Appellant contends that the trial court erred in finding and holding contrary to the weight of the evidence and contrary to law that the export value of the involved merchandise is represented by the invoice unit values, plus 5 per centum, less 2 per centum, and also in not holding that no part of the item described on the invoice as "commission" is a part of the export value.

The only item in the appraisement of this merchandise which was challenged by the importer was the item of commission. Therefore, the presumption of correctness attaching to the other items of the appraisement remains undisturbed. *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

As to the item of commission, the trial court held as follows:

It appears that Mr. Chen's commission of 5 per centum was paid for services rendered by him on behalf of the buyer, which charge forms no part of the export value of the merchandise. *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007; *United States* v. *Kresge Co.*, 26 C. C. P. A. (Customs) 349, C. A. D. 39.

The evidence relating to the disposition of the balance of the item invoiced as buying commission is not sufficiently convincing to warrant a holding that deduction thereof should be allowed.

On the evidence before us there can be no question but that the commission of 5 per centum paid to C. Y. Chen is a *bona fide* buying commission, and, under the authorities cited by the court below, this commission of 5 per centum forms no part of the dutiable value of the merchandise. This holding of the trial court is accordingly affirmed.

It is the contention of appellant herein that the remainder of the item invoiced as "Buying 10% commission," although not a *bona fide* buying commission is, nevertheless, no part of the value of the merchandise. The record shows that this 5 per centum was paid to one of the partners of appellant to cover incidental expenses, such as cables, etc., incurred by him in connection with the purchase of the merchandise in China; "* * * that payment of the total invoice prices, including the 10 per centum commission, was made to Mr. Chen, who remitted the amount of the purchase price to the sellers, retained his 5 per centum commission, and returned the remaining 5 per centum to * * *" the partner of appellant in China to cover his incidental expenses.

One of the partners of appellant testified that no part of the item of "Buying 10% commission" was ever paid to the sellers of the mer-

chandise. In this connection, the affidavit, exhibit 2, states in part as follows:

That the prices at which the said merchandise was purchased were the prices on or about the above-mentioned dates of exportation at which the above-mentioned sellers and others in the Shanghai market were freely offering to sell such and similar merchandise to all purchasers in the usual wholesale quantities and in the ordinary course of trade for export to the United States and for home consumption in China, and that the quantities covered by the above-mentioned purchases were the usual or ordinary wholesale quantities of such or similar merchandise being offered for sale and sold in Shanghai at or about said dates of exportation for export to the United States and for home consumption in China.

Section 402 (d) of the Tariff Act of 1930 defines export value as follows:

The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

In dealing with a similar question in *F. W. Woolworth Co.* v. *United States*, 6 Cust. Ct. 729, Reap. Dec. 5094, this court observed:

It is clear from the record in this case that whether this 10 per centum be considered as a buyer's commission *or otherwise*, the same, nor any part thereof, does not enter into or constitute any part of the value or price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of Germany, in the usual wholesale quantities and in the ordinary course of trade either for home consumption or for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States.

\*      \*      \*      \*      \*      \*      \*

Placing this 10 per centum commission on the invoice or omitting it from the same cannot serve to make it a dutiable item. In neither event does it form any part of the value or price at which the merchandise is freely offered for sale in the ordinary course of trade. \*  \*  \*

In the purchase and importation of all merchandise there are always certain expenses which have never been held to be a part of the dutiable value of the merchandise. Hundreds of people go abroad each year for the sole purpose of purchasing merchandise and importing it into the United States. All such people have to incur certain expenses which in the end form a part of the cost of the merchandise, but such expenses have never been considered and taken into account in arriving at the proper dutiable value of the merchandise. \*  \*  \* [Italics ours.]

Placing this additional 5 per centum, which was paid to the partner of the appellant herein, on the invoices as a commission cannot serve to make it a dutiable item. It does not form any part of the value or price at which the merchandise was freely offered for sale to all

purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade. This is established by the affidavit of C. Y. Chen, hereinbefore quoted, and is not controverted by other evidence before us.

As hereinbefore indicated, it is our view that the trial court was correct in reducing the appraised value by the amount of the 5 per centum commission paid to C. Y. Chen as a buyer's commission, but we are of the opinion that the trial court was in error in not also reducing the appraised value by the amount of the 5 per centum which was paid to the partner of the appellant herein. This record makes it clear that the value or price, at the time of exportation of this merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of China, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, did not include this item of 5 per centum. To this extent the decision of the trial court is modified.

Since the merchandise was appraised on the basis of export value, and both parties herein contend that export value is the proper basis of appraisement, no question is presented on that point.

Based upon a full consideration of the record, we find as facts:

1. That the merchandise involved in this proceeding consists of glass spectacle lenses imported from Shanghai, China, and entered at the port of New York.

2. That the invoice prices were the prices paid for the merchandise and the prices at which such or similar merchandise was freely offered for sale to all purchasers in the country of exportation at or about the dates of exportation, in the ordinary course of trade, in the usual wholesale quantities and in the principal markets, for exportation to the United States.

3. That since the merchandise was appraised on the basis of export value and both parties contend that export value is the proper basis for the appraisement of the merchandise, we find that the prices at which such or similar merchandise was freely offered for sale in the principal markets of China during the period in question to all purchasers in the usual wholesale quantities and in the ordinary course of trade for home consumption in China were not higher than the prices at which the merchandise was so offered for sale for export to the United States.

4. That the items described on the invoices as "Buying 10% commission" include a *bona fide* buying commission of 5 per centum, paid to one C. Y. Chen, and the cost of cables and other incidental expenses connected with the purchase of the involved merchandise paid to a partner of appellant herein in the amount of 5 per centum.

We therefore conclude as matter of law:

1. That the proper basis of appraisement of the involved merchandise is export value as defined in section 402 (d) of the Tariff Act of 1930.

2. That the proper dutiable export values of the involved merchandise are the appraised values, less 10 per centum.

The decision and judgment of the trial court are modified to the extent indicated. Judgment will be rendered accordingly.