(A.R.D. 193)

UNITED STATES *v.* CHADWICK-MILLER IMPORTERS, INC., ET AL.

Entry No. 13472, etc.

Third Division, Appellate Term

(Decided June 30, 1965)

*John W. Douglas,* Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the appellees.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: Fifty-two appeals to reappraisement have been consolidated for trial. The mechandise consists of a variety of articles, all exported from Japan. The issue, common to all these appeals, is whether ex-factory prices represent the export values of the merchandise.

The trial judge found that export value is the proper basis for valuing all of the articles; that the principal markets were at the factories; that the several invoice prices, as returned, are the ex-factory prices, and that they represent the export values; and that the appraiser erred in adding to such prices certain charges which were separately returned and are claimed to be nondutiable.

The disputed charges are the inland freight from factories to port, and the port charges for putting the merchandise on board for shipment to the United States. No distinction is made by either party

between inland freight, *per se*, and the port charges. Buying commissions, also returned as a nondutiable charge, were not added by the appraiser to invoice price in arriving at dutiable value. Buying commissions are not in issue here.

Appellant's principal argument is that appellees (plaintiffs below) did not meet their burden of proof, because they relied on a presumption that the appraiser's return was correct as to all elements of the appraisement except that which appellees controvert. The question underlying that argument is whether, on the record before him, the trial judge was right in holding that these appraisements are separable. We are of opinion that he was right in so holding.

In the course of litigation involving the so-called inland freight charges, there arose some confusion as to the *quantum* of proof required of a plaintiff in the circumstances of particular cases. The rule was well stated by Judge Rao in the recent decision of *Haddad & Sons, Inc.* v. *United States*, 54 Cust. Ct. 600, Reap. Dec. 10942, as follows:

* * * where the appraisement is stated in terms of a first cost or ex-factory price, plus the disputed charges, the appraisement is considered to be separable, and the party challenging the appraiser's return may rely upon the presumption of correctness as to all elements of the appraisement which he does not seek to dispute. Thus, such an appraisement may be attacked simply by negativing the charges without affirmatively establishing that the ex-factory price is a price which accords with every element entering into the statutory definition of export value. Where, however, the appraised value is expressed as a single indivisible unit, as in the instant case, it is not susceptible of being broken down into its component parts, except by proof sufficient to sustain the burden imposed by statute upon a party who challenges the presumptively correct return of the appraiser of establishing every material element in the basis of value upon which reliance is placed.

Appellant contends that the facts here do not bring appellees within the operation of the separability rule. Yet in a statement, part of its brief filed in this appeal, appellant recited the facts, and correctly, as follows:

* * * The importer disputed only that part of the appraised values which corresponds to the amounts invoiced as inland freight, shipping, and like charges (R. 2), which *the appraiser added* to make the appraised value, F.O.B. port of shipment. [Appellant brief, p. 1; emphasis supplied.]

These are exactly the facts, in an export value appraisement, which bring the separability rule into play. Appellees do not dispute price. The appraiser's finding as to price is accepted. What is disputed are the charges which the appraiser added to price to make the appraised value, and to that issue plaintiffs below addressed their proofs.

The trial judge found that the proofs were sufficient to meet this burden of proof. There is nothing to support the allegation of error in that finding.

It remains for us to mention appellant's argument that when invoice price has been adjusted by the appraiser, by adding disputed charges, the issue cannot be narrowed to the disputed charges, under the separability rule, unless the parties so stipulate, and here they have not stipulated. In support of this contention, appellant cites *Morris Friedman* v. *United States*, 52 Cust. Ct. 660, A.R.D. 178.

The evidence offered by plaintiff in the *Friedman* case was held to be conclusionary, and not evidentiary. This was the basis of decision. As to the opinion excerpt which appellant quotes, in which Friedman says that he accepted the appraised ex-factory *values*, the opinion points out that what Friedman actually accepted were ex-factory *prices*. Similarly, it is *price*, not *value*, which appellees accept here. This they may do under the separability rule; and the rule derives, not from stipulation, but from judicial decision as to what are the material facts which plaintiffs must prove to make their case.

Situations in which proof as to material issues was held limited to disputed charges that had been added to price by the appraiser in export value cases, include: buying commission, *Kobe Import Co.* v. *United States*, 26 Cust. Ct. 674, Reap. Dec. 7996, judgment modified, *Kobe Import Co.* v. *United States*, 28 Cust. Ct. 586, Reap. Dec. 8102; *United States* v. *Nelson Bead Co.*, 31 Cust. Ct. 481, A.R.D. 36, affirmed 42 CCPA 175, C.A.D. 590; advances for weight decrease during voyage, *United States* v. *Friedman & Slater, Inc.*, 39 Cust. Ct. 717, A.R.D. 77; and others, including cases involving inland freight.

Appellant's remaining argument is that there are not adequate proofs that the prices, to which the appraiser added the disputed charges, constituted prices at which the merchandise was freely offered to all purchasers. (Appellant brief, p. 7.)

Having held, as we do and as the trial judge did, that on the facts of this case appellees were entitled to rely on the presumption that the appraiser correctly found each and every element of value which appellees did not dispute, and that the disputed charges were separable, appellees were not under obligation to adduce proofs as to prices at which the merchandise was freely offered to all purchasers. It is the essence of the separability rule, applied to the facts before us, that a plaintiff may rely on such presumption.

We affirm the findings of fact and conclusions of law of the trial judge, which we incorporate by reference.

Judgment will be entered accordingly.