DAYSTROM, INC., INTERNATIONAL SALES DIVISION, C.M. IMPORT & EXPORT, C.M. IMPORT & EXPORT CORP *v.* UNITED STATES (No. 5249)*

United States Court of Customs and Patent Appeals, June 2, 1967

*Sherretts, Paley & Carter, Barnes, Richardson & Colburn (Howard Clare Carter, Hadley S. King, Gail T. Cumins,* of counsel) for appellants.

*Barefoot Sanders,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Glenn E. Harris* for the United States.

[Oral argument April 4, 1967 by Mr. Carter, Mr. King and Mr. Harris]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK**

WORLEY, Chief Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Third Division of the Customs Court, 56 Cust. Ct. 769 A.R.D. 203, reversing the judgment of the trial court on two entries of radio tubes exported from Japan in August 1961.

The tubes in one entry, reappraisement R61/21866, were manufactured by Tokyo Shibaura Electric Co., Ltd. (referred to as "Toshiba"), and included types bearing the following descriptive numbers:

6C4, 12BH7A, 6J6, 6U8, and 6BE6.

Those tubes were appraised on foreign value under Section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification

*C.A.D. 920.
**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Act of 1956, T.D. 54165,[1] at advanced unit values of 375, 200, 250, 280 and 130 yen, respectively, packed.

The tubes involved in the second entry, reappraisements R62/5795 and R62/9215, were manufactured by New Nippon Electric Co., Ltd. (referred to as N.E.C.) and were of the following types:

12AV6, 12BE6, 12BA6, 35W4 and 50C5.

They were appraised on foreign value under Section 402a(c) at advanced unit values of 99, 130, 130, 112 and 172 yen, respectively, plus export packing charges. The importers appealed for reappraisement on both entries contesting the use of foreign value as the basis of appraisement.

The trial court sustained both appeals, finding that the appraisement of both entries should have been predicated on cost of production under Section 402a(f) at rates stipulated by the parties to be correct if that basis of appraisement were found to be proper. It held that there was no foreign value, export value, or United States value, holdings as to the latter two values resulting from a stipulation by the parties that such or similar merchandise was not freely offered for export to the United States, or freely offered for sale or sold in the principal markets of the United States.

In reversing, the Appellate Division held that the tubes had correctly been appraised at foreign value. Certain values different from the appraised values having been stipulated to be the correct values for the goods involved in the second entry if foreign value were found to be the correct appraisement, the Appellate Division further held the stipulated values to be correct for the tubes involved in that entry.

The record consists of 34 affidavits received in evidence on behalf of the importers, and 9 reports of Treasury agents and 4 affidavits received in evidence on behalf of the Government. The importers' exhibits were executed by persons connected with various manufacturers, wholesalers or dealers handling the tubes of Toshiba and N.E.C., and of Kobe Kogyo, another Japanese manufacturer, in the home markets of Japan. Persons connected with distributers and wholesalers of, and dealers in, Toshiba, N.E.C. and Kobe Kogyo tubes in Japan, some of whom were the same as those providing affidavits for the importers, supplied the information contained in the Government's exhibits.

In addition to the above stipulations, the parties also stipulated that all tubes bearing the same descriptive number are similar in all respects to any other tube bearing the same descriptive number made by any other manufacturer in Japan.

---

[1] The parties concede that the merchandise is included on the final list published by the Secretary of the Treasury at T.D. 54521 and therefore is subject to reappraisement under Section 402a as redesignated.

The issue is whether there is substantial evidence to support the holding of the Appellate Division that the radio tubes were properly appraised on foreign value, it being conceded that otherwise the proper appraisement is the cost of production.

Section 402a(c) of the Tariff Act of 1930, as amended, reads:

(c)  FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The findings of fact made by the trial court in reaching the conclusion that there was no foreign value included the following:

\*      \*      \*      \*      \*      \*      \*

4.  That there were 13 manufacturers of tubes such as are involved herein in the country of exportation.

5.  That 10 of these manufacturers did not freely offer or sell such or similar radio receiving tubes for consumption in Japan.

6.  That, as to Toshiba, N.E.C., and Kobe Kogyo Corp., it has been established and agreed that none freely offered such tubes on the primary level for home consumption in Japan.

7.  That there was no one price at which all could purchase tubes such as are involved herein for home consumption in Japan.

The Appellate Division agreed with findings Nos. 4, 5 and 6 and further found, in agreement with the view of the trial court:

That similar tubes to those here involved manufactured by 3 of such 13 manufacturers, namely, Toshiba, N.E.C., and Kobe Kogyo Corp., were freely offered for sale in Japan for home consumption at the secondary level.

The Appellate Division disagreed, however, with finding No. 7 of the trial court.

The importers disagree with the Appellate Division, urging that "[t]here was no one price at which all could purchase tubes such as are involved herein for home consumption in Japan." They also argue that the tubes were not freely offered to all purchasers for home consumption in Japan at the secondary or any other level.

Both courts rejected the latter argument, the Appellate Division stating:

\* \* \* we are of the opinion that there is substantial evidence in the record to sustain the finding of the single judge concerning the absence of restrictions in the home market. At best, the evidence of the existence of restrictions in the home market is conflicting. And on the matter of implementation of such restrictions as may be shown to exist, we fully agree with the single judge that the attempted limitation of resale prices or geographical area in which tubes may be sold or the qualifications of the dealers to whom purchasers could resell without

enforcement of such limitations would not amount to a controlled market under the holding in *United States* v. *Glanson Co.*, 47 CCPA 110, C.A.D. 740.

Our own review of the record leaves us in agreement with the Appellate Division on that point.[2]

Concerning the question whether there was any one price at which the tubes were freely sold or offered for sale in the home market, the Appellate Division stated:

\* \* \* It is incumbent upon the party attacking appraisement to rebut the presumption that all elements necessary to support such a determination exist in the values returned in the appraisement. That duty devolved herein upon the appellees [importers] in the first instance. Until the party attacking the appraisement introduces evidence tending to rebut such presumption of correctness, there is no duty on the part of the other party, the Government herein, to offer any evidence to support the appraisement. *United States* v. *Baar & Beards, Inc.*, 46. CCPA 92, C.A.D. 705. Even the collector's appeal[3] herein is consistent with the presumption of correctness of the appraisement insofar as the basis of appraisement is concerned. He seeks only a change in the unit values in R62/5795, and the presumption of correctness of the basis and all other aspects of the appraisement remain undisturbed. *Cf. Kobe Import Co.* v. *United States*, 28 Cust. Ct. 586,. Reap. Dec. 8102.

The Appellate Division acknowledged that the importers introduced evidence of the scope of the electronic tube industry in Japan to support findings Nos. 4, 5 and 6 of the trial court. However, it found that they had not introduced evidence indicative of the scope of the home market for the exported tubes. It also observed:

\* \* \* Only one of the exhibits offered by appellees [the importers] before the single judge, exhibit 5, contained information from a dealer as to the prices and particular types of tubes which he handled. And he said he used the list only as a basis for bargaining.

It was the view of the Appellate Division that the exhibits of the importers do not even purport to indicate what portion of the home market is represented by them or what are the principal markets. The Division concluded from an inspection of the evidence that the importers had failed to rebut the presumption of correctness attaching to the appraisement of the merchandise on foreign value.

We find no error in that conclusion. Evidence which fails to indicate the extent of the home market covered thereby obviously does not preclude the existence of home market conditions fully sustaining the appraiser's finding of foreign value for all the imported tube types..

---

[2] The importers here argue that the Appellate Division erred in holding it has no right to consideration of the matter of restrictions in the home market because of their failure to cross-appeal from the adverse ruling of the trial court on that point. However, the Appellate Division did consider that matter on the merits despite that holding, enabling us to review its findings. The question whether the importers should have cross-appealed becomes moot because of our views on the merits.

[3] The collector's appeal for reappraisement to correct appraised unit values adopted. through inadvertence (R62/5795) was successful before the Appellate Division and the Government thus did not appeal to this court.

Moreover, the Government's exhibits reveal information concerning the imported tubes conformable to the finding of foreign value at prices corresponding to those found correct in the judgment on appeal. Thus the Appellate Division compared the prices at which two dealers are reported in the Government's collective exhibit A to have offered *similar* merchandise, Kobe Kogyo tubes,[4] with the appraiser's return in the entry of reappraisement R61/21866 as follows:

OFFERED YEN PRICES SHOWN IN COLLECTIVE EXHIBIT A

| Imported tube types | Shima Musen | Asahi Musen | Yen prices shown in appraiser's return |
|---|---|---|---|
| 6C4 | 375 | · | 375, packed |
| 12BH7A | | 200 | 200, " |
| 6J6 | | 250 | 250, " |
| 6U8 | | 280 | 280, " |
| 6BE6 | | 130 | 130, " |

With respect to the conditions underlying the Shima Musen prices noted above, the report of the interview with Shiuhei Kouki, sales manager, states:

He said that *he sells to anyone* at the lowest price appearing on Exhibit "B" which is a copy of the price list he maintains in his office.

As for the conditions surrounding the Asahi Musen prices above noted, the report of the interview Tatsuji Hirata, president and owner, states:

He said that he offered and sold the Kobe Kogyo tubes shown in Exhibit "A" at the prices shown therein. . . . He said that *any person could come into his shop and purchase tubes at those prices*. He had the one price for one or more tubes. . . .

As to the tubes of the entry of R62/9215 and R62/5795, prices reported in collective exhibit C to have been offered on Kobe Kogyo tubes by dealers Asahi Musen and Mikasa Musen were shown by the Appellate Division to correspond to the prices set out in the appraiser's return. In addition, the Division observed that collective exhibit H reports that a representative of Yamagiwa Denki, a distributor for N.E.C. tubes, stated that it offered the same tube types "to anyone" at prices the same as the prices which the appraiser intended to use, corresponding to the contingently stipulated values. With respect to the latter item, it is apparent that the appraiser sought to change the original values to give preference to evidence of the value of *such* merchandise (N.E.C. tubes) over the evidence relating to the *similar* tubes of Kobe Kogyo manufacture.

As the Appellate Division recognized, dealers in the Japanese home markets who made the representations reported in collective exhibits A, C and H subsequently provided affidavits tending to repudiate those representations. However, the Division found that the affidavits, made approximately two years after the interviews of affiants by Treasury agents, to comprise conclusional statements and not include eviden-

---

[4] Appraisement on the basis of *similar* (Kobe Kogyo) tubes was appropriate with respect to R61/21866 since, as the Appellate Term noted, it is "apparent from the record that the appraiser did not rely upon prices relating to Toshiba [such] tubes."

tiary facts as to prices to offset the price lists and assertions made to the Treasury agents. It held that such conclusions are not sufficient to overcome the presumption that the appraiser's valuation on the basis of foreign value is correct. See *United States* v. *Baar & Beards, Inc.*, 46 CCPA 92, C.A.D. 705.

It is urged by the importers that the tube prices set out in exhibit A are too remote to be significant here since those prices ceased to be in effect in early 1961 and the involved merchandise was entered later, in August and September of 1961. However, it is not seen that the evidence relied on to support that contention, exhibit C, actually establishes that there was a price change at that time. Also, the importers point to no evidence which sets forth what any new prices might have been.

The importers also argue that collective exhibit H encompassses, without distinction, sales by New Nippon Electric Co., Ltd. and by Nippon Electric Co., Ltd. and that the tubes manufactured by the latter are "made to much higher standards." However, argument on that theory appears contra to the stipulation that all tubes bearing the same descriptive number are similar in all respects to any other tube bearing the same number made by any other manufacturer in Japan.

In summary, we are satisfied from the record that the importers have failed to rebut the presumption that the appraiser was correct in finding that the imported tubes were subject to appraisement on the basis of foreign value and that there is substantial evidence to support the findings of the Appellate Division.

The judgment is *affirmed*.